[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11391
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cr-00434-AKK-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN JERMAINE SEWELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 13, 2018)

Before WILSON, JILL PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this appeal, defendant Kevin Sewell appeals the 70-month sentence imposed after he pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in calculating his offense level under the Sentencing Guidelines by treating his prior Alabama conviction for trafficking marijuana as a "controlled substance offense." U.S.S.G. § 4B1.2(b). But the district court did not err because binding precedent dictates that his prior Alabama conviction qualified as a controlled substance offense. In any event, even if the district court erred in calculating his guidelines range, any error was harmless. We thus affirm.

## I.

After Sewell pled guilty to one count of being a felon in possession of a firearm, the probation office prepared a presentence investigation report ("PSR"). The PSR indicated that Sewell's base offense level was 20 because he committed the § 922(g)(1) offense after sustaining a felony conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(4)(A). The PSR identified Sewell's predicate offense as trafficking marijuana in violation of Alabama Code § 13A-12-231(1)(a). The PSR calculated Sewell's total offense level as 27 and criminal history category as II, yielding a guidelines range of 78 to 97 months' imprisonment.

Sewell objected to the PSR, arguing that his Alabama conviction did not qualify as a controlled substance offense. The district court overruled his objection. The court ultimately imposed a downward variance and sentenced Sewell to a 70-month term of imprisonment. In imposing this sentence, the district court indicated that it would have imposed the same sentence even if Sewell's prior conviction did not qualify as a controlled substance offense.

## II.

"This Court reviews *de novo* whether a prior conviction is a 'controlled substance offense' under Section 4B1.2(b)." *United States v. Lange*, 862 F.3d 1290, 1293, *cert. denied*, 138 S. Ct. 488 (2017).

## III.

### A.

The Sentencing Guidelines generally set a base offense level of 12 for a defendant convicted of being a felon in possession of a firearm. *See* U.S.S.G. § 2K2.1(a)(7). But this base offense level increases to 20 if the defendant committed the offense "subsequent to sustaining [a] felony conviction of . . . a controlled substance offense." *Id.* § 2K2.1(a)(4)(A). Under the guidelines, the term "controlled substance offense" refers to:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the

possession of a controlled substance . . .  with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Sewell argues that his conviction under Alabama Code § 13A–12–231(1)(a) for trafficking marijuana does not qualify as a "controlled substance offense" under § 4B1.2(b).  Section 13A–12–231(1)(a) provides that a person commits the offense of trafficking in marijuana if he "knowingly sells, manufactures, delivers, or brings into this state, or . . . is knowingly in actual or constructive possession of" between 2.2 and 100 pounds of marijuana.  Ala. Code § 13A-12-213(1)(a).  Sewell argues that a conviction under this provision does not qualify as a "controlled substance offense" because an individual could commit this crime based on simple possession of a specified amount of marijuana without any proof of intent to manufacture or distribute.

Our precedent forecloses Sewell's argument.  In *United States v. White*, 837 F.3d 1225 (11th Cir. 2016), we held that a conviction for drug trafficking under Ala. Code § 13A-12-231 qualifies as a "controlled substance offense" and rejected the argument that Sewell raises here.  *Id.* at 1235.  Under our prior panel precedent rule, we remain bound by *White*'s holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir.

4

2008).  As a result, the district court properly treated Sewell's prior conviction as a "controlled substance offense" when calculating his offense level.

**B.**

But even if this case was not controlled by prior panel precedent and the district court erred in treating Sewell's prior conviction as a controlled substance offense, any error was harmless because the district court unequivocally stated that it would have imposed the same 70-month sentence even if Sewell had no prior conviction for a controlled substance offense, and we conclude that sentence was reasonable.  When "the district court states that it would have imposed the same sentence regardless of any guideline-calculation error, any error is harmless if the sentence would have been reasonable even if the district court's guideline calculation was erroneous."  *United States v. Focia*, 869 F.3d 1269, 1287 (11th Cir. 2017).

If Sewell's prior conviction did not qualify as a felony controlled substance offense, his base offense level would have been 14.  *See* U.S.S.G. § 2K2.1(a)(6).  After applying the other enhancements and an adjustment for acceptance of responsibility, Sewell's total offense level would have been 21.  Combined with his criminal history category of II, Sewell's guidelines range would have been 41 to 51 months.  We must ask whether the 70-month sentence that the district court

5

imposed is reasonable in light of an advisory range of 41 to 51 months. We conclude that it is.

We will vacate a sentence as substantively unreasonable only "if . . . we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The weight to be accorded to each § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). The mere fact that a sentence falls outside the guidelines range does not justify the application of a presumption of unreasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district court announced that it considered the § 3553(a) factors in arriving at the 70-month sentence and noted that it would have imposed exactly the same sentence even if Sewell's prior conviction did not qualify as a felony controlled substance offense. It further expounded on the reasons that justified its selection of a 70-month sentence. The district court explained that Sewell had used firearms to facilitate drug trafficking, he committed this offense while prohibited from possessing firearms, and he created an extremely serious situation by having firearms present in a house that was open to his children and other

6

children.  The district court expressly considered the nature and circumstances of the offense and Sewell's history and characteristics, as well as the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a).  The district court's considerations as announced on the record sufficiently justified its imposition of a 70-month sentence.  Because the district court specifically announced its intention to impose the same sentence regardless of guidelines calculation error and the sentence it imposed was substantively reasonable, any error was harmless.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**